UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LESLIE LOUIS, *pro se*,  :
 :
                  Petitioner,  :
 :     **SUMMARY ORDER**
                  -against-  :
 :     11-CV-1409 (DLI)(RML)
NORMAN BEZIO, Superintendent  :
 :
                  Respondent.  :
 :
------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

    *Pro se* petitioner Leslie Louis (the "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 21, 2011. The Court ordered the respondent to answer the petition and referred the action to the Honorable Robert M. Levy, United States Magistrate Judge, for the preparation of a Report and Recommendation. On August, 15, 2014, Magistrate Judge Levy issued his Report and Recommendation ("R&R"). (*See* R&R, Dkt. Entry No. 8.) Petitioner failed to file timely objections to the R&R, and the Court adopted the R&R in its entirety on September 11, 2014. (*See* Order dated September 11, 2014.)

    On September 23, 2014, the Court received a letter from Petitioner stating that he did not receive the R&R in time to make objections. (*See* Letter dated September 17, 2014, Dkt. Entry No. 10.) He then filed an appeal to the Second Circuit on September 29, 2014. (*See* Letter Motion for Certificate of Appealability, Dkt. Entry No. 12.) On May 7, 2015, the Court issued an order liberally construing Petitioner's letter as a motion pursuant to Federal Rule of Civil Procedure 60 for reconsideration of its decision adopting the R&R, and giving Petitioner an

opportunity to object to the R&R.[1] (*See* Order dated May 7, 2015.) Petitioner filed his objections on June 9, 2015. For the reasons stated below, Petitioner's motion for reconsideration is denied.

## DISCUSSION

### I. Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure permits courts to relieve parties from final judgments, orders, or proceedings for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(B).

A motion for reconsideration under Rule 60(b) is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990), *aff'd*, 501 U.S. 115 (1991). These circumstances will "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, [sic] in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

---

[1] In the same order, the Court held Petitioner's appeal in abeyance until it issued a decision on Petitioner's motion for reconsideration pursuant to Federal Rules of Appellate Procedure Rule 4(a)(B)(i), which states that "[i]f a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any [Rule 60 motion filed within 28 days after the judgment is entered]--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." (*See* Order dated May 7, 2015.)

(citations omitted). Moreover, the evidence in support of the motion must be highly convincing. *See Scherer v. City of New York*, 2007 WL 2710100, at *4 (S.D.N.Y. Sept. 7, 2007).

When no objections to an R&R are made, the court may adopt the R&R, if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). "The clearly-erroneous standard also applies if a party makes only conclusory or general objections, or simply reiterates his original arguments." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citation and internal quotation marks omitted). When specific objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which the party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

**II.     Analysis**

The Court has reviewed the record, the relevant case law, the R&R, and Petitioner's objections to the R&R outlined in his motion for reconsideration. As an initial matter, even construing Petitioner's pleadings liberally, Petitioner has not met his burden under Rule 60 of

3

showing exceptional circumstances that would justify this Court overruling its previous adoption of the R&R. Second, Petitioner's objections to the R&R as outlined in his motion for reconsideration consist of restatements of the arguments that he raised in his original petition, namely that: (1) the evidence of his arrest in Canada was admitted improperly at trial because it was irrelevant and prejudicial; (2) the evidence of his statements to Canadian law enforcement was admitted improperly at trial because the prosecutor failed to serve notice pursuant to N.Y. CRIM. PROC. LAW § 710.30; (3) the evidence from Canada was inadmissible because he was questioned without an attorney, in violation of his right to counsel; (4) the trial court erred in permitting the prosecutor to question him about aspects of his criminal history, if he chose to testify at trial; (5) the trial court erred in giving a disjointed instruction on the presumption of innocence and the burden of proof and also failed to instruct the jury that the burden never shifts to the defendant; and (6) the prosecutor made improper remarks in summation. (*See generally* Mot. for Reconsideration, Dkt. Entry No. 15.) Petitioner also makes one new argument that the testimonies of three eye witnesses at the trial conflicted, and, therefore, there was insufficient evidence to convict him. (*See id.* at 23-24.)

It is evident from review of the magistrate judge's thorough and well-reasoned R&R that, in preparing the R&R, the magistrate judge construed the petition as raising the strongest claims suggested. The magistrate judge disposed of each of Petitioner's claims appropriately, supporting his findings with abundant factual and legal support. As to Petitioner's claim that the evidence was insufficient to convict him, this is the first time that Petitioner makes this claim before any state or federal court, and, therefore, the claim is unexhausted and procedurally barred. *See McKethan v. Mantello*, 292 F. 3d 119, 122 (2d Cir. 2002) (A petitioner's state remedies are deemed exhausted when the petitioner has: "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law

4

in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim.") However, even if it were not procedurally barred, questions of credibility and the reconciliation of any inconsistencies in the testimony of witnesses at trial are matters for the jury to resolve. *See Seow v. Artuz*, 320 Fed. App'x 46, 48 (2d Cir. 2009) (noting "the jury makes credibility determinations"). The court should not substitute its own judgment, after the fact, for that of the twelve jurors who had the opportunity to observe the witnesses' demeanor as they testified. *See Nicholson v. Walker*, 100 Fed. App'x 848, 850 (2d Cir. 2004).

Accordingly, the Court declines to overrule its previous order adopting the magistrate judge's R&R.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration of this Court's order adopting the magistrate judge's R&R is denied in its entirety. Petitioner is further denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 12, 2015

                                        /s/
                             DORA L. IRIZARRY
                          United States District Judge